POTTS & KAUFMAN, INCORPORATED, AND DAVID J. KAUF-
MAN, PLAINTIFFS, v. JAMES BUTLER GROCERY COM-
PANY, A CORPORATION, DEFENDANT.

Submitted July 3, 1923—Decided October 22, 1923.

Negligence—Motor Vehicle Collision—Conflicting Evidence—
Refusal of Rule to Show Cause.

On application for the rule to show cause.

Before Justices TRENCHARD, PARKER and BERGEN.

For the rule, *Edwards & Smith*.

For the plaintiffs opposing, *Thomas Brown*.

PER CURIAM.

This being an application for a rule no reasons have as yet
been assigned, but an examination of the brief for the de-
fendants shows that only one ground was relied on, and that
is that the verdict for the plaintiff was against the weight of
evidence. The trial judge, a learned lawyer of long trial
experience, refused a rule to show cause, and it is for that
reason that the defendants are now before us. The case
arose out of the head-on collision of two motor cars, and each
party claimed that the driver of the other car had disregarded
the traffic rule and was on the wrong side of the road at the
time of the collision. This collision occurred at a place
called Morgan, formerly known as Cheesequake, between
South Amboy and Keyport, on the main highway where, as
the traveler goes east from South Amboy, the road descends
a steep grade, curving to the left toward the bottom of the
grade, and taking up a northerly direction across the Cen-
tral railroad.

The Butler car, a large motor truck, was proceeding west-
ward toward South Amboy. The plaintiffs' car, a sedan or
limousine, was going eastward and had descended the grade

almost to the bottom, and had substantially rounded the curve so as to straighten out toward the Central railroad tracks. In this situation the motor truck westbound and the sedan eastbound crashed together head on, practically wrecking the sedan.

The plaintiffs' witnesses testified in substance that the sedan was on its own side of the road and had swerved only slightly to the left in order to avoid one car that was parked on that side and another one which was just started, but that the road was a wide one, and that the sedan was well to the right of the center line, and that the defendant's motor truck, instead of keeping to its own side of the road, swerved out from that side and caught the plaintiffs' car somewhere in the neighborhood of the standing motor truck or of a small restaurant which was located on the map. The witnesses for the defendant testified that the motor truck stayed on its own side of the road and that the plaintiffs' car swerved out across the center line and ran into the motor which was just stopping to avoid the accident. Plaintiffs' witnesses, on the other hand, especially the driver, testified that he brought his car to a full stop before the collision occurred.

The case therefore presents the simple contradiction of witnesses on the basic facts. The defendant alleges that the testimony of the witnesses on its part greatly outweighs that for the plaintiffs. The jury did not think so, and evidently the trial judge did not think so, or he would have allowed a rule. We have read the entire testimony with care and have no hesitation in saying that we are utterly unable to see any such preponderating value to the testimony of the witnesses for the defendant as to sustain the present application. It is proper to note that this application is made on notice and has been submitted on briefs, and briefs have been submitted by both sides, so that while it is technically an application for a rule to show cause, the matter has been argued as fully as though a rule had been allowed. This being so, we feel at liberty to say that if a rule had been allowed and the case had been before us on that aspect and on the present briefs, we would undoubtedly have discharged the rule.

Incidentally it may be observed that much of the conflict of testimony on the point of where the collision occurred is probably due to the fact that the two cars became locked together and that there is evidence to show that the Butler truck was pulled away from the place of collision and backed down on its own side of the road, and that the plaintiffs' car was also moved from its place; and that much of the testimony about the position of the cars relates to a time later than the collision and is based on the observation of witnesses who did not see the collision at all but arrived there later.

For the reasons above given the application for a rule will be denied.